DAVID W. VROMAN, Administrator, etc., of ROSELLA VROMAN, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 23772.) — Judgment affirmed, with costs. Memorandum: The question of the State's negligence, or lack of it, in this case, under all the circumstances, was a question to be determined by the trier of the facts. We cannot say, as a matter of law, that the finding that the State was free from negligence is contrary to or against the weight of the evidence. The case of *Forte* v. *City of Albany* (279 N. Y. 416), relied upon by

appellant, is one where the judgment was entered on a nonsuit.  All concur, except Lewis, J., who dissents and votes for reversal on the facts and for granting a new trial in the following memorandum: The driver of the ill-fated car is not a claimant; the element of contributory negligence by the passengers whose claims are before us is not stressed.  Accordingly, our decision turns upon the question whether the State was negligent.  As to visibility at the time of the accident, if it was not dark it is fair to say that it was within the brief period of late twilight when visibility was poor — a condition of daily occurrence — and thus the risks incidental to poor visibility at that hour were reasonably to be anticipated by the State.  Despite this known risk of a daily, recurring period of poor visibility, the State permitted a low, black girder to project from the bridge toward oncoming traffic and in direct line with the light-colored, higher side members of the bridge without a warning light, reflector or sign of any kind to give notice of the condition.  The danger involved in this condition was enhanced by the conceded fact that the projecting, dark-colored girder was also well within the outside edges of the paved portion of the highway leading onto the bridge floor.  The accident occurred when the right side of the car struck the projecting girder.  Believing that the finding of fact in each of the four claims that the accident was not caused by the negligence of the State is against the weight of evidence, I dissent and vote for reversal and a new trial, with costs to the appellant to abide the event. (The judgment dismisses a claim for damages for death of plaintiff's intestate, resulting by reason of an automobile colliding with a steel girder on a bridge over the Barge Canal in the town of Geddes.)  Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.